No. 13-56300

_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

MARIA L. ROS,
*Plaintiff-Appellant,*

vs.

DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,
*Defendants-Appellees.*

_____

On Appeal from the United States District Court for
the Central District of California

_____

**BRIEF OF APPELLEES**
**CENTRAL MORTGAGE COMPANY dba CENTRAL**
**MORTGAGE LOAN SERVICING COMPANY and**
**DEUTSCHE BANK NATIONAL TRUST COMPANY**
**AS TRUSTEE FOR DOWNEY 2004-AR2**

_____

MALCOLM ♦ CISNEROS
A Law Corporation
William G. Malcolm (SBN 129271)
Brian S. Thomley (SBN 275132)
2112 Business Center Drive, 2nd Floor
Irvine, California 92612
Telephone: (949) 252-9400
Facsimile: (949) 252-1032

*Attorneys for Defendants-Appellees*
CENTRAL MORTGAGE COMPANY dba CENTRAL MORTGAGE
LOAN SERVICING COMPANY and DEUTSCHE BANK
NATIONAL TRUST COMPANY AS TRUSTEE
FOR DOWNEY 2004-AR2

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure, rule 26.1, Appellees state that no publicly held corporation owns 10 percent or more of their stocks.

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT...................................2

SUMMARY OF ARGUMENT...........................................1

STANDARD OF REVIEW.................................................3

ARGUMENT................................................................4

    I.  Ros's First and Fifth Causes of Action are Barred by Collateral
       Estoppel. .................................................................... 4

    II. Even if Ros's First and Fifth Causes of Action were not Barred,
       she Lacked Standing to Bring Them.................................... 6

CONCLUSION...................................................... 11

STATEMENT OF RELATED CASES.............................. 12

CERTIFICATION OF COMPLIANCE............................ 13

i

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*Armeni v. America's Wholesale Lender*,
  2012 WL 603242, at *3 (C.D. Cal. Feb. 24, 2012) .......................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .................. 3

*Bascos v. Fed. Home Loan Mortg. Corp.*,
  2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ....................... 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .................. 3

*Boza v. U.S. Bank Nat'l Ass'n*,
  2013 WL 5943160, *6-7 (C.D. Cal. Oct. 28, 2013)....................... 10

*Cervantes v. Countrywide Home Loans, Inc.*,
  656 F.3d 1034 (9th Cir. 2011) ........................................... 4

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*,
  911 F.2d 242 (9th Cir. 1990) ............................................ 3

*Dahnken v. Wells Fargo Bank, N.A.*,
  2013 WL 5979356, *2 (N.D. Cal. Nov. 8, 2013)........................... 10

*Deutsche Bank Nat'l Trust Co. v. Adolfo*,
  2013 WL 4552407, *3 (N.D. Ill. Aug. 28, 2013).......................... 11

*Diunugala v. JPMorgan Chase Bank, N.A.*,
  2013 WL 5568737, *8 (S.D. Cal. Oct. 3, 2013)........................... 11

*Glaski v. Bank of America, N.A.*,
  218 Cal. App. 4th 1079 (2013)................................... passim

*Gompper v. VISX, Inc.*,
  298 F.3d 893 (9th Cir. 2002) ............................................ 3

*In re Sandri*,
  2013 WL 5925655, *4 (Bankr. N.D. Cal. Nov. 5, 2013) ............... 10

*Jenkins v. JPMorgan Chase Bank, N.A.*,
  216 Cal. App. 4th 497 (2013) .................................................. passim

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008) ........................................................ 3

*Newman v. Bank of N.Y. Mellon*,
  2013 WL 5603316, *2 (E.D. Cal. Oct. 11, 2013) .......................... 10

*Rodenhurst v. Bank of Am.*,
  773 F. Supp. 2d 886 (D. Hi. 2011) ................................................. 6

*Sami v. Wells Fargo Bank*,
  2012 WL 967051, at *4-6 (N.D. Cal. Mar. 21, 2012) ...................... 7

*Smith v. Marsh*,
  194 F.3d 1045 (9th Cir. 1999) ........................................................ 5

*Subramani v. Wells Fargo Bank, N.A.*,
  2013 WL 5913789, *3 (N.D. Cal. Oct. 31, 2013) .......................... 10

## **FEDERAL RULES**

Fed. Rule of Civ. Proc., 12(b)(6) ........................................................ 3

## SUMMARY OF ARGUMENT

The issue on this appeal is whether the District Court properly dismissed Appellant's complaint with prejudice raised on the preclusive effect of collateral estoppel. The District Court properly considered California collateral estoppel principles in determining that the issues raised by Appellant had or could have been raised in prior actions filed by her, that such issues had been adjudicated, that Plaintiff had been a party to the prior action, and that the judgment in the prior action had not been appealed. As a consequence, the District Court "decline[d] to act as a de facto Appellate Court and revisit those issues."

For reasons not entirely clear, Appellant utterly failed to address how the District Court erred in its determination that collateral estoppel banned further litigation. Rather, Appellant erroneously states that the District Court abused its discretion by dismissing her complaint without leave to amend and otherwise leaves it to this appealing tribunal to guess as to why Appellant believes the District Court erred.

There is no guesswork needed because the District Court properly determined that the issues raised by Appellant were

1

previously litigated in the first action and that the second action was dismissed by the State Court on collateral estoppel grounds. The District Court properly refused to be used as Appellate Court for issues already adjudicated in a prior action for which no appeal had been taken. Indeed, the District Court had no choice.

Maria L. Ros ("Ros") appeals the dismissal of claims that have been adjudicated twice before. Ros had sued Appellees twice over the non-judicial foreclosure sale of her property, and lost. In both actions as well as the present one, she had alleged, among other things, that Appellees were strangers to her mortgage loan and had no power to sell her property. Specifically, she alleged that neither the promissory note nor the deed of trust had been properly transferred to the securitized trust of which Deutsche Bank is trustee. The United States District Court properly denied her a third bite at the apple.

Ros ignores—and has waived her right to challenge—the District Court's finding that her 'improper securitization' claims are barred by collateral estoppel. Instead, she makes a perfunctory request for leave to amend these claims. No new facts are presented, nor can they be presented, because those claims are barred. Even if the claims were not barred, the District Court's ruling was proper,

because the vast majority of courts have found that borrowers have no standing to challenge the securitization of their loans.

For these reasons, the judgment should be affirmed.

## STANDARD OF REVIEW

We review *de novo* the district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1102 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory. *Mendiondo*, 521 F.3d at 1104. A complaint that alleges only "labels and conclusions" or a "formulaic recitation of the elements of the cause of action" will not survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The district court's denial of leave to amend the complaint is reviewed for an abuse of discretion. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002). Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam).

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-41 (9th Cir. 2011).

## ARGUMENT

### I.  Ros's First and Fifth Causes of Action are Barred by Collateral Estoppel.

Ros filed the underlying Complaint on August 6, 2012.  (EOR Vol. 1, p. 2.)  In her First Cause of Action for Declaratory Relief and Fifth Cause of Action for Violation of the Fair Debt Collection Practices Act ("FDCPA"), she alleged that Appellees had no right to sell her property at a non-judicial foreclosure sale, because they were strangers to the mortgage loan.  (EOR Vol. 3, 494:8-11, 498:15-19.] Specifically, she claimed that neither the promissory note nor the deed of trust had been properly transferred to the securitized trust of which Deutsche Bank is trustee.  (EOR Vol. 3, 491:1-7.)  She claimed that all rights and interests in the loan remained with the original lender and were later assigned to U.S. Bank.  (EOR Vol. 3, 490:21-24.)

In granting Appellees' motion to dismiss, the District Court found that Ros had raised similar allegations against Appellees in two state court actions ("Ros I" and "Ros II"), both of which had been dismissed with prejudice.    (EOR  Vol.  3,  496:19 – 497:18.) Accordingly, the District Court dismissed Ros's first and fifth causes

4

of action without leave to amend. (EOR Vol. 3, 500:9-11.) For other reasons which Ros does not apparently dispute, the United States District Court dismissed Ros's fourth and eighth causes of action without leave to amend. (*Id.*) The District Court declined to exercise supplemental jurisdiction over the related state law claims. (*Id.*)

Ros's argument in her opening brief is a perfunctory three-paragraph demand for leave to amend. She does not bother to set forth any new facts. Neither does she question the District Court's finding that her central claims are barred by collateral estoppel, and so she has waived any challenge thereto. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived") (citation omitted).

Instead, she cites *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 (2013), an opinion rendered after the entry of judgment in this case. In *Glaski*, she says, the California Court of Appeal for the Fifth District has "thrown out much of the authority cited by the Defendant and relied upon by the lower Court." (AOB 8:7-10.) She does not bother to explain why, and her statement is utterly false.

For one thing, Ros mischaracterizes the District Court's ruling. In *Glaski*, the Court of Appeal found that the borrower had standing to

5

challenge the securitization of his loan, although he was not a party to the applicable pooling and servicing agreement. 218 Cal. App. 4th at 1097. The District Court did not decide whether Ros had standing to do the same. Appellant had raised the issue, but the District Court expressly declined to address it. (*See* EOR Vol. 3, 495:18-22.) It was not necessary to address it, because Ros's 'improper securitization' claims were barred. (*See id.*) Because the claims were barred, it is irrelevant whether she had standing to bring them.

## II.    Even if Ros's First and Fifth Causes of Action were not Barred, she Lacked Standing to Bring Them.

Ros also mischaracterizes the effect of *Glaski*. The opinion has not "thrown out" the law regarding whether borrowers have standing to challenge the securitization of their loans. To the contrary, *Glaski* is in a clear minority on this issue and has been thoroughly discredited. "The overwhelming authority does not support a [borrower's claim] based upon improper securitization." *Rodenhurst v. Bank of Am.*, 773 F. Supp. 2d 886, 899 (D. Hi. 2011) (collecting cases); *see also, e.g., Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) (dismissing claims for declaratory relief and wrongful foreclosure because borrower "has no standing to challenge the validity of the securitization of his loan as he

6

is not an investor of the loan trust"); *Armeni v. America's Wholesale Lender*, 2012 WL 603242, at *3 (C.D. Cal. Feb. 24, 2012) (same); *Sami v. Wells Fargo Bank*, 2012 WL 967051, at *4-6 (N.D. Cal. Mar. 21, 2012) (borrower had no standing to allege that note and deed of trust were improperly assigned to a securitized trust after its "closing date").

The Court of Appeal for the Fourth District agrees. In *Jenkins v. JPMorgan Chase Bank, N.A.*, the borrower filed a complaint against the servicer of her loan, JPMorgan Chase Bank ("Chase"), and other defendants to stop a non-judicial foreclosure sale after she defaulted on the terms of her home loan. 216 Cal. App. 4th 497, 504 (2013). In her first cause of action for declaratory relief in her second amended complaint, Appellant alleged that "the terms of the investment trust's pooling and servicing agreement were not complied with when her loan was pooled with other home loans and securitized . . . . because: (1) the promissory note was not transferred into the investment trust with a complete and unbroken chain of endorsements and transfers; and (2) the trustee of the investment trust did not have actual physical possession of the note and deed of trust prior to the closing date of the investment trust."

7

*Id.* at 510.  The trial court sustained the demurrers of Chase and

other defendants without leave to amend.  *Id.* at 505.

The Court of Appeal for the Fourth District affirmed.  *Id.* at

539.  The Court of Appeal reasoned:

> Jenkins's first cause of action attempts to construct a
> dispute between herself and Defendants with regard to
> the alleged improper transfer of the promissory note
> during the securitization process.  However, even if the
> asserted improper securitization . . . occurred, the
> relevant parties to such a transaction were the holders
> (transferors) of the promissory note and the third party
> acquirers (transferees) of the note.  "Because a
> promissory note is a negotiable instrument, a borrower
> must anticipate it can and might be transferred to another
> creditor.  As to plaintiff, an assignment merely
> substituted one creditor for another, without changing her
> obligations under the note."  (*Herrera*, *supra*, 205
> Cal.App.4th at p. 1507.)  As an unrelated third party to
> the alleged securitization, and any other subsequent
> transfers of the beneficial interest under the promissory
> note, Jenkins lacks standing to enforce any agreements,
> including the investment trust's pooling and servicing
> agreement, relating to such transactions.  [citation.]
>
> Furthermore, even if any subsequent transfers of the
> promissory note were invalid, Jenkins is not the victim of
> such invalid transfers because her obligations under the
> note remained unchanged.  Instead, the true victim may
> be an entity or individual who believes it has a present
> beneficial interest in the promissory note and may suffer
> the unauthorized loss of their interest in the note.  It is
> also possible to imagine one or many invalid transfers of
> the promissory note may cause a string of civil lawsuits
> between transferors and transferees.  Jenkins, however,
> may not assume the theoretical claims of hypothetical
> transferors and transferees for the purposes of showing a

8

> "controversy of concrete actuality." [citation.] Consequently, we conclude Jenkins's first cause of action lacks merit for the independent reason she cannot show the existence of an actual, present controversy between herself and Defendants. [citations.]

*Id.* at 514-15.

In *Glaski*, like *Jenkins*, the borrower sought to set aside a non-judicial foreclosure sale of his property on the basis that his loan was transferred after the closing date of the securitized trust as required by the applicable pooling and servicing agreement. 218 Cal. App. 4th at 1084. The trial court sustained his wrongful foreclosure claim without leave to amend. *Id.* at 1089. The Court of Appeal reversed. *Id.* at 1102. The Court of Appeal rejected the argument that the borrower lacked standing to challenge an agreement to which he was not a party. *Id.* at 1094-95. The Court of Appeal found that, under New York trust law, which governed the trust in that case, a transfer after the closing date would be void, not voidable. *Id.* at 1095-97.

*Glaski* never refers to *Jenkins*, even though the two appear to be in direct conflict. Since then, the overwhelming majority of district courts have found *Jenkins* to be more persuasive than *Glaski*. District courts have noted that *Glaski* is based on both faulty reasoning and a questionable interpretation of New York trust law:

[T]he holding in *Glaski* has not been adopted universally. Another California Court of Appeal, in a decision that preceded *Glaski*, held that borrowers lacked standing to enforce any agreements relating to the securitization of their loan. *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 515, 156 Cal.Rptr.3d 912 (2013). . . The court in *Glaski* did not address *Jenkins*.

The majority of federal district courts that have addressed the issue whether a borrower has standing to challenge securitization of a note by its transfer to a trust in an allegedly defective manner, are in accord with *Jenkins*. And, several state and district courts that have analyzed the effect of New York law on post-closing date acquisitions, like the one at issue in *Glaski*, have concluded that such transfers are voidable rather than void. [citations.]

More recently, other district courts have declined to follow *Glaski*, noting that it is "in a clear minority" on the issue of standing. [citations.]

*Boza v. U.S. Bank Nat'l Ass'n*, 2013 WL 5943160, *6-7 (C.D. Cal. Oct. 28, 2013); *see also In re Sandri*, 2013 WL 5925655, *4 (Bankr. N.D. Cal. Nov. 5, 2013) (*Glaski* "is inconsistent with the majority line of cases and is based on a questionable analysis of New York trust law"); *Newman v. Bank of N.Y. Mellon*, 2013 WL 5603316, *2 (E.D. Cal. Oct. 11, 2013) (finding *Jenkins* and the "majority rule" more persuasive than *Glaski*); *Subramani v. Wells Fargo Bank, N.A.*, 2013 WL 5913789, *3 (N.D. Cal. Oct. 31, 2013) (same); *Dahnken v. Wells Fargo Bank, N.A.*, 2013 WL 5979356, *2 (N.D. Cal. Nov. 8, 2013) (same, and noting that "plaintiff has not argued that New York

law is applicable"); *Diunugala v. JPMorgan Chase Bank, N.A.*, 2013 WL 5568737, *8 (S.D. Cal. Oct. 3, 2013) (same); *Deutsche Bank Nat'l Trust Co. v. Adolfo*, 2013 WL 4552407, *3 (N.D. Ill. Aug. 28, 2013) (same; "we are persuaded by the courts that have held that a transfer that does not comply with a PSA is voidable, not void").

## CONCLUSION

For the foregoing reasons, Appellees request that the judgment be affirmed.

Dated: January 2, 2014   MALCOLM ♦ CISNEROS


By:*/s/ Brian S. Thomley*
       BRIAN S. THOMLEY
       Attorneys for Central Mortgage
       Company dba Central Mortgage
       Loan Servicing Company and
       Deutsche Bank National Trust
       Company as Trustee for Downey
       2004-AR2

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, Appellees state that there

are no other no other related cases currently pending before this Court.

## CERTIFICATION OF COMPLIANCE

This is to certify that this brief meets all the requirements of the Rules of the Ninth Circuit regarding its length including the size of font and the word count.  This brief contains 3,022 words, including tables and this Certification, as computed by the Microsoft Word software used to prepare this brief.